■ In the Matter of JULIUS BANCROFT, Petitioner, against EDWARD H. USHER, as Chief of Police of the Village of Hudson Falls, et al., Respondents.— This a proceeding under article 78 of the Civil Practice Act (transferred to this court by an order of the Supreme Court at Special Term, entered in Washington

County), to review a determination of the Village Board of the Village of Hudson Falls, New York, in dismissing petitioner from the position of patrolman on the village police force. Written charges were preferred against petitioner and a hearing was held thereon. Without going into detail as to the charges and specifications, in general they accused petitioner of neglect in the performance of official duty, violation of the rules and regulations of the police department, and conduct unbecoming an officer, in that he abandoned and left his duty for the purpose of keeping company with one Anne Ryan, a female under the age of 21 years, on two separate occasions, and that he remained off-station for a substantial period of time while assigned to the duty of patrolling with the village patrol car. He was found guilty of three charges of that nature. He was found not guilty of a fourth charge that he left the village limits with the patrol car. The evidence against petitioner is based largely upon the testimony of Anne Ryan. In general, she testified that on three occasions she entered the patrol car, either at the invitation of or with the consent of petitioner, and rode about the village with him for one hour on one occasion, for approximately one hour and a half on another occasion, and that he parked for a time on one occasion. On the occasion involving the longest period of time and parking, it is her testimony that another officer was present in the patrol car. She testified that ultimately she was taken home or to a destination which she elected, within the village. She did not testify to any improper advances, either by word or act, on the part of petitioner. Petitioner testified that on any occasion when Anne Ryan was in the patrol car he merely took her directly home, and that she was in the car only a matter of minutes. There are no printed rules of the police department, and the oral ones are not too definite. It is the undisputed testimony, including that of the chief of police, that it was customary and sanctioned by the chief, for the operator of the patrol car to take women and children home, both night and day, when for some reason they needed such transportation. It does not appear that petitioner was required to be at any specific point in the village at any specified time, but was required only to patrol the village generally. While the evidence against petitioner might be considered somewhat questionable, a conflict of evidence was presented, and ordinarily the question of credibility is for the hearing body. The testimony of Anne Ryan was not incredible as a matter of law, and if the board accepted her testimony there is substantial evidence in the record to technically sustain the charges upon which petitioner has been found guilty. However, we think that the punishment of complete dismissal was entirely disproportionate to the seriousness of the offense. Under subdivision 5-a of section 1296 of the Civil Practice Act (L. 1955, ch. 661), this court is given the power and charged with the duty of determining "Whether the respondent abused his discretion in imposing the measure of punishment or penalty or discipline involved in the determination". It is to be noted that no one claims any improper conduct by petitioner toward Anne Ryan, and there is not a scintilla of evidence in the record of any immoral or suggestive or improper act or word by petitioner while she was in the patrol car or at any other time. Assuming the truth of all the evidence unfavorable to petitioner, it would seem that he is guilty of little if anything more than an error of judgment in permitting the girl to remain in the patrol car for a longer period of time than necessary to take her directly home — an error perhaps induced by the prevalent practice of transporting women and children to their homes on numerous occasions. Petitioner has been on the force since 1951. No charges have been preferred against him before. It does not appear that he had even been warned of any alleged misconduct. No continuous course of misconduct

is charged. There is undisputed testimony that he was a good officer. These isolated incidents, while perhaps foolish, were not of sufficient gravity to justify discharge. This proceeding was brought under section 188-f of the Village Law, which permits only four specific degrees of punishment for the offense involved here, i.e., (1) reprimand; (2) forfeiture of compensation for not exceeding 20 days; (3) suspension from duty for not exceeding 20 days and withholding of salary during such suspension; and (4) dismissal. The charges seem trivial, but even if uncontradicted would not justify the severe punishment imposed. The punishment imposed is so shocking to the court's sense of fairness that it constitutes an abuse of discretion (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361). In our opinion the minimum of reprimand, or at most a suspension for a period of 20 days was all that was justified. The determination is annulled on the law, and on the facts and in the exercise of discretion, if it be deemed to be a question of fact or discretion, and matter remitted to the village board, with $50 costs to petitioner. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Gibson, J., taking no part.